**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 20-2-DLB-CJS**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**


**v.**         **ORDER ADOPTING REPORT AND RECOMMENDATION**


**LAVONE GANITHUS DIXON, JR.**
**TIFFANY THOMPSON**                                                                   **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the February 12, 2021 Report and Recommendation (R&R) of the United States Magistrate Judge Candace J. Smith (Doc. # 99), wherein she recommends that the Court deny Defendant Lavone Dixon's Motion to Suppress (Doc. # 53). Dixon's Motion is joined by co-Defendant Tiffany Thompson (Doc. # 54). Defendant Dixon having filed Objections (Doc. # 102), and the time for co-Defendant Thompson to file objections having now expired, the R&R is now ripe for the Court's consideration. For the reasons that follow, Defendant Dixon's Objections are **overruled**, the R&R is **adopted**, and the Motion to Suppress is **denied**.

**I.      FACTUAL BACKGROUND**

On January 9, 2020 Defendant Dixon was indicted in federal court for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Doc. # 1). Co-Defendant Thompson was also indicted with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.*). On June 26, 2020, Dixon filed a Motion to Suppress

evidence, including four firearms, obtained in a search conducted by state law enforcement officers of his residence located in Richmond, Kentucky.[1]  (Doc. # 53). Defendant argues the search of his home was conducted without a search warrant in violation of his Fourth Amendment rights.  (*Id.* at 6-7).  Although the United States has produced a copy of a search warrant affidavit, search warrant, and warrant return, Defendant argues that the search warrant was not created until *after* the search of his home, which purportedly occurred on September 22, 2019.  (*Id.*).  According to Defendant, the warrant was either obtained after the search or fabricated in an attempt to cover up what was, in fact, an unlawful, warrantless search.[2]  (*Id.*).  Defendant's evidence in support of this theory is summarized as follows:

(1)   A Madison Circuit Clerk averred that no search warrant was filed in the record in Defendant's state criminal case (Docs. # 53 at 4-5 and 53-1);

(2)   The warrant was not produced in discovery at the state level and there was a substantial delay in the Government's production of the warrant in the instant criminal case (Docs. # 53 at 5 and 53-2);

(3)   Different fonts are used for different portions of the warrant (e.g., the font used to state the officer's name differs from the font used for the signature block of the court) and check boxes on the affidavit are filled with an "X" rather than a checkmark.  (According to Defendant, the online form used for affidavits typically auto-populates with a checkmark.) (Docs. # 53 at 6, 53-3, and 53-4);

(4)   The warrant return states that it applies to Case No. 33-19-0315, which is different than the number assigned to Defendant's state criminal case (Docs. # 53 at 6, 53-5, and 53-6),[3] and

---

[1]   As noted above, Dixon's Motion to Suppress was joined by Defendant Thompson (Doc. # 54).  For simplicity's sake, the Court will refer to the Motion as Defendant Dixon's Motion.

[2]   Defendant does not argue that the purported search warrant application was not supported by probable cause.

[3]   The Government has explained that the number on the warrant return corresponds with the state police case number, not the court case number.  (Doc. # 67 at 2 n.2).

> (5) The electronic files of video footage of the search are dated September 21, 2019—the day before the date listed on the search warrant and warrant return (Docs. # 72 at 3 and 72-2).

In his Motion, Defendant requested a hearing so that further evidence and testimony could be received concerning the validity of the search warrant. (Doc. # 53 at 7). The Magistrate Judge ordered the parties to brief the issue of which standard the Court should apply to assess whether Defendant is entitled to an evidentiary hearing. (Docs. # 74, 78, and 82).[4]

## II. REPORT AND RECOMMENDATION

On February 12, 2021, Magistrate Judge Smith issued an R&R recommending denial of Defendant's Motion to Suppress. (Doc. # 99). The R&R first determines that the standard set forth in *Franks v. Delaware*, 438 U.S. 154 (1978), applies to Defendant's request for an evidentiary hearing. (*Id.* at 6-10). As the Magistrate Judge explained, typically, "[a]n evidentiary hearing is required [when] the motion [to suppress] is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." (*Id.* at 8); *see United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019). However, in *Franks*, the Court established a more stringent standard applicable when the "defendant [ ] claim[s] that the affidavit supporting the probable cause of a search warrant contained intentional or reckless falsehoods." *United States v. Abboud*, 438 F.3d 554, 574 (6th Cir. 2006) (citing *Franks*, 438 U.S. at 171). In such situations, the affidavit is presumed valid, and the defendant has the burden of making a "substantial preliminary showing that a false

---

[4] Dixon also submitted pro se supplemental briefing and documentation in support of his Motion (Doc. # 83), which the Government responded to (Doc. # 94). The Court agrees with the Magistrate Judge's finding that Defendant's pro se arguments do not counsel in favor granting his Motion to Suppress. (*See* Doc. # 99 at 13).

3

statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit[.]" *Franks*, 438 U.S. at 155-56, 171.

Magistrate Judge Smith recognized that the facts presented here differ from those underlying the *Franks* decision, but nevertheless properly concluded that the *Franks* standard applies. (Doc. # 99 at 9). More specifically, Dixon is not challenging the veracity of a particular statement contained in the affidavit supporting the search warrant, but rather, is alleging that law enforcement officers acted untruthfully when they submitted the warrant application or fabricated the search warrant *after the search had already occurred*. (Docs. # 53 at 6-7 and 72 at 3). Yet, the Magistrate Judge soundly explained that the reasoning behind *Franks* applies with equal force to the instant situation, as the standard in *Franks* was "aimed at combatting the 'specter of intentional falsification.'" (Doc. # 99 at 10) (quoting *Franks*, 348 U.S. at 168); *see also Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) (noting that *Franks* applies to omissions in information from affidavits as well as false statements). The R&R further points to *United States v. Parks*, No. 1:08-cr-58, 2009 WL 1617010, at *4-6 (E.D. Tenn. June 9, 2009), in which the court found the *Franks* standard applicable where the defendant alleged that an arrest warrant did not exist at the time he was stopped and searched. (Doc. # 99 at 6).

Finding that the *Franks* standard applies, the Magistrate Judge next considered whether Defendant has met his burden of making "a substantial preliminary showing" that the search warrant was obtained under false pretenses or fabricated. (*Id.* at 11-13). Such allegations of falsehood "must be accompanied by an offer of proof," in the form of "[a]ffidavits or sworn or otherwise reliable statements of witnesses . . . or their absence satisfactorily explained." *Franks*, 438 U.S. at 171. As explained in the R&R, Dixon

4

provided in support of his Motion an affidavit of the Madison Circuit Clerk stating that there is no search warrant or affidavit contained in Defendant's state criminal case file. (Docs. # 99 at 12 and 53-1). The Magistrate Judge reasoned that this affidavit, on its own, was insufficient to establish Defendant's entitlement to a *Franks* hearing, as "the absence of the warrant in the state court record is not so suggestive of foul play in light of reasonable [ ] alternative explanations," such as an administrative delay or backlog. (Doc. # 99 at 12) (citing *United States v. Willoughby*, No. 3:10-cr-431, 2011 WL 6029074, at *5 (N.D. Ohio Nov. 15, 2011), *report and recommendation adopted*, 2011 WL 6028911 (N.D. Ohio Dec. 5, 2011), *aff'd*, 742 F.3d 229 (6th Cir. 2014) (finding that defendant was not entitled to a *Franks* hearing in part because there was a "reasonable explanation" for a discrepancy in the affidavit). Having found that Defendant failed to meet his burden of demonstrating his entitlement to a hearing under *Franks*, the Magistrate Judge went on to conclude that the evidence presented at this time does not adequately support Defendant's argument that his Fourth Amendment rights were violated as a result of a warrantless search of his home. (Doc. # 99 at 13). Thus, the R&R recommends that the Court deny Defendant's Motion to Suppress. (*Id.*).

## III.  ANALYSIS

### A.  Standard of Review

A district judge may refer a motion to suppress, and other related motions, to a magistrate judge for the preparation of an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1). *See, e.g.*, *United States v. Jones*, No. 6:16-cr-34, 2018 WL 2329780, at *1 (E.D. Ky. May 23, 2018) (adopting an R&R on a motion to suppress and a motion for joinder to the motion to suppress). Parties have fourteen

days to object to a magistrate judge's R&R; failure to object to the R&R waives a party's right to review of the R&R. Fed. R. Crim. P. 59(b)(2). If objections are timely filed, the district court must review *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

**B.  Objections**

Defendant Dixon, by counsel, submitted two objections to the R&R that will be addressed in turn. Defendant's first objection states in its entirety as follows: "Defendant objects to the court's legal conclusion that the standard articulated in *Franks v. Delaware*, 438 U.S. 154 (1978) applies to this case." (Doc. # 102 at 1). As an initial matter, this objection is not proper as it merely asserts disagreement with the Magistrate Judge's

conclusion regarding the standard for an evidentiary hearing.  *See Vanover*, 2017 WL 1356328, at *1.  Defendant does not explain what aspect of the Magistrate Judge's reasoning he disagrees with or why.  Although the Court presumes Defendant objects to Magistrate Judge Smith's finding that the *Franks* standard applies in this case for all of the reasons set forth in his briefing on the issue, it is not appropriate for the Court to fully reassess this issue based on "what has been presented before."  *Id*.  Regardless, the Court finds the Magistrate Judge's analysis on the applicable standard of review to be well-reasoned and adopts the finding in the R&R that the *Franks* standard applies to the determination of whether Dixon is entitled to an evidentiary hearing.

Second, Defendant objects to the Magistrate Judge's failure to consider the discrepancy with respect to the date on the electronic files of video footage of the search when considering whether Defendant has met his burden of proof for a *Franks* hearing.  (Doc. # 102 at 1-2).  However, even considering this evidence, the Court finds that Defendant has failed to meet the "offer of proof" requirement for a *Franks* hearing.  *Franks*, 438 U.S. at 171.  To reiterate, in support of his theory that the search warrant was either obtained after the search or fabricated, Defendant points to the fact that the files of video footage of the search are labeled as "last modified" September 21, 2019— *the day before* the search warrant was signed and the search purportedly carried out.  (Docs. # 72 at 3 and 72-2).

In its supplemental response, the United States asserts that it met with defense counsel, the search warrant affiant, and the detective who took the video footage, as well as the founder of Interhack (a forensic computing firm) to review the video files.  (Doc. # 82).  During that meeting, the officer who took the video footage apparently explained

7

that "the date of the video file oftentimes corresponds with the date the recorder was last charged." (*Id.* at 3). In light of this reasonable explanation for the discrepancy, *see Willoughby,* 2011 WL 6029074, at *5, and the plethora of evidence indicating officers obtained a search warrant on September 22, 2019, prior to searching Defendant's residence, the Court agrees with the Magistrate Judge's conclusion that Defendant has not presented evidence sufficiently calling into question the veracity of the search warrant such that an evidentiary hearing is warranted.

Both photographs and video footage of the search were taken, and while the "date modified" for the video footage files shows September 21, 2019, the files of the photographs taken of the residence during the search are dated September 22, 2019. (Doc. # 82 at 2). This supports the United States' explanation that the date of the video files does not accurately correspond to the date the footage was taken. (*Id.*). In addition, in the record currently before the Court is a signed search warrant affidavit of Officer Hunter Harrison dated September 22, 2019, which sets forth the basis for probable cause to search Dixon's home—namely a monitored call between co-Defendant Thompson and her mother that took place on September 20, 2019 detailing where at least one gun and "stuff tied up in a bag" could be found in her home and vehicles, as well as a further conversation between Thompson's mother and law enforcement regarding the presence of firearms in the home. (Doc. # 67-1 at 1-5). The affidavit is file-stamped by the Madison District Court with a date of September 23, 2019. (*Id.* at 1). Also in the record is a file-stamped copy of the search warrant signed by a state judge on September 22, 2019 (*id.* at 6-7) and a search warrant return, also dated September 22, 2019, (*id.* at 8). Further, the United States has presented several police/incident reports pertaining to the search,

8

which indicate that the search of Defendant's home occurred on September 22, 2019 after a search warrant was obtained. (Docs. # 94-1 and 94-3 at 7). In this context, Defendant's objective evidence, even including the date on the video footage files, does not amount to sufficient proof of falsification under *Franks*. Accordingly, Defendants' Objections are **overruled**.

IV.     **CONCLUSION**

(1)     The Magistrate Judge's Report and Recommendation (Doc. # 99) is **adopted** as the Opinion of the Court;

(2)     Defendant Dixon's Objections to the R&R (Doc. # 102) are **overruled**;

(3)     Defendant Dixon's Motion to Suppress (Doc. # 53), joined by Defendant Thompson (Doc. # 54), is **denied**.

This 10th day of March, 2021.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2020\20-2 Order Adopting R&R.docx