**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL ACTION NO. 20-2-DLB-CJS-1

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                        **MEMORANDUM ORDER**

LAVONE GANITHUS DIXON, JR.                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

I.   **INTRODUCTION**

This matter is before the Court upon Defendant Lavone Dixon's First Motion in Limine (Doc. # 121) and Defendant's Objections to the United States' Notice of Intent to Offer Evidence (Doc. # 123). The United States has filed a Response addressing both filings (Doc. # 126). Thus, Defendant's Motion in Limine and Objections are ripe for the Court's review. In a Superseding Indictment returned on July 9, 2020, Defendant was charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1) and possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 2). (Doc. # 61).

In his Motion in Limine, Defendant seeks to preclude the following evidence from admission at trial: (1) evidence of the name and nature of Defendant's prior convictions, (2) any evidence of prior crimes, wrongs, or acts under Rule 404(b), and (3) any statements from Hazel Moore, the mother of Co-Defendant Tiffany Thompson, to the effect that Dixon is a "drug dealer" or "drug trafficker." (Doc. # 121).

1

On April 23, 2021, the United States filed a Notice of Intent to Offer Evidence indicating that it plans to offer witness testimony regarding Defendant's prior drug distribution activity and possession of weapons from 2016 through the date of his arrest on September 17, 2019. (Doc. # 122). Defendant's Objections to the Notice seek to preclude such prior act testimony on the basis that the United States' Notice was untimely. (Doc. # 123).

## II. PRIOR ACTS EVIDENCE

The "prior acts" evidence the United States intends to offer at trial consists of witness testimony regarding Defendant's conduct from 2016 through his arrest on September 17, 2019, including (1) Defendant's frequent trips from Richmond, Kentucky to Dayton, Kentucky to obtain methamphetamine and heroin from sources in Dayton, and (2) Defendant's transportation of controlled substances from Dayton to Richmond and his storage and distribution of those substances in Richmond. (Doc. # 122 at 1). According to the United States, witnesses will testify that Defendant commonly used drivers for these trips and concealed controlled substances in the vehicles in a manner that is consistent with the conduct underlying the instant charges. (*Id.* at 2). The witnesses will also testify that Defendant possessed firearms during this time period to protect drugs and drug proceeds and concealed those firearms in a manner consistent with the seized firearms underlying Count 2. (*Id.*). The United States seeks to admit this evidence either under the exception to Rule 404(b) for past acts that are "inextricably intertwined" with the charged offense or as permissible evidence under Rule 404(b) to show intent and knowledge. (*Id.* at 2-5). In addition, the United States seeks to admit evidence of Defendant's 2015 conviction for trafficking in heroin to show intent to distribute controlled

substances under Rule 404(b). (*Id.* at 3-5). Defendant seeks to exclude evidence of prior acts and the name and nature of his prior convictions under Rule 404(b). (Doc. # 121).

### A. Witness Testimony

The United States first argues that the witness testimony concerning Defendant's past drug distribution activities is admissible background evidence falling outside the scope of Federal Rule of Evidence 404(b). Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, an exception to Rule 404(b) evidence exists for "intrinsic" evidence, also referred to as "background" or "*res gestae*" evidence. *United States v. Wilson*, 837 F. App'x 396, 399 (6th Cir. 2020) (citing *United States v. Sumlin*, 956 F.3d 879, 889-90 (6th Cir. 2020); *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015)). Such evidence is considered "inextricably intertwined" with the evidence of the charged conduct, making the evidence part of "a single criminal episode," *id.* (quoting *Sumlin*, 956 F.3d at 889), or "part of a continuing pattern of illegal activity," *id.* (quoting *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)). By contrast evidence is considered "extrinsic" and subject to Rule 404(b) when the conduct "occurred at different times and under different circumstances from the offense charged," *Barnes*, 49 F.3d at 1149, such that there is a lack of "temporal proximity, causal relationship, or spatial connections . . . between the other acts and the charged offense," *United States v. Chalmers*, 554 F. App'x 440, 451 (6th Cir. 2014) (quoting *United States v. Hardy*, 228 F.3d 745, 748-50 (6th Cir. 2000)).

The United States specifically seeks to admit testimony concerning Defendant's prior drug distribution activities "to explain the relationship between the Defendant and

3

the witnesses and how these events led to the charged offenses." (Doc. # 122 at 2). The United States also asserts that this evidence is "relevant for the purpose of demonstrating the Defendant's knowing possession and intent to distribute the seized methamphetamine." (*Id.*).

In *United States v. Sumlin*, the Sixth Circuit found testimony that included the witness's prior drug purchases from the defendant to constitute permissible background evidence, as the testimony helped to, among other things, contextualize the witness's relationship to the defendant and explain how she was able to identify him based on his nickname and car. 956 F.3d at 890; *see also United States v. McNeal*, 40 F. App'x 164, 167 (6th Cir. 2002) (per curiam) (permitting testimony related to earlier, incriminating search as background evidence where the evidence "form[ed] an integral part of [the] witness testimony," because it explained why the witness pleaded guilty and was testifying against him (quoting *Hardy*, 228 F.3d at 748)).

Here, the witnesses' proposed testimony regarding their firsthand knowledge of Dixon's past drug distribution activity is similarly integral to understanding the relationships between Dixon and the witnesses and to contextualizing the witnesses' testimony about the conduct underlying the charged offense. Defendant was arrested in September 2019 during a traffic stop while en route from Dayton, Ohio to Richmond, Kentucky, during which methamphetamine was seized from the car. (Doc. # 126 at 1-2). A confidential informant had alerted law enforcement to the planned trip to obtain methamphetamine for distribution. (*Id.* at 1). The confidential informant, who drove Defendant to and from Dayton, consented to the placement of a tracker on the vehicle prior to the trip. (*Id.* at 1-2). The traffic stop was conducted after law enforcement tracked

4

the vehicle from Richmond to Dayton where the car had stopped at multiple locations before heading back to Richmond. (*Id.*). Five days later, officers conducted a search of Defendant's residence, shared with his then-girlfriend and Co-Defendant, Tiffany Thompson, during which a number of firearms and other items consistent with drug trafficking were seized. (*Id.* at 2).

Without the confidential informant's testimony regarding his or her firsthand knowledge of Defendant's prior drug-distribution activities, it would be difficult for the informant to explain how he or she knew of the planned trip that was tracked by law enforcement and which led to the seizure of methamphetamine and search of Defendant's residence. That the confidential informant's knowledge of Dixon's prior drug distribution activities led to the tracked trip and subsequent search demonstrates causation between those prior events and the underlying conduct. *See Sumlin*, 956 F.3d at 890 (describing background evidence as a "prelude to the charged offense" (quoting *Hardy*, 228 F.3d at 748)). Similarly, without this background information about Defendant's prior activities, the Co-Defendant's testimony concerning the use of their joint residence to store weapons and other drug-distribution-related items would make little sense to the jury. It would also be difficult for the Co-Defendant to explain how she was able to identify Dixon's source of drugs as "Kelso." (Doc. # 126 at 3).

Further, the proposed testimony about Defendant's prior trips between the same locations—Richmond and Dayton—to obtain drugs demonstrates "spatial proximity" between the prior and underlying conduct. Although the witnesses intend to testify about similar trips and conduct spanning from 2016 until Defendant's arrest in 2019, the similarities between the Defendant's past conduct and the conduct underlying the instant

5

drug distribution charge (*i.e.*, use of a driver, the source of drugs, type of drugs (methamphetamine), and location of concealed drugs and firearms) evince "a continuing pattern of illegal activity," *Barnes*, 49 F.3d at 1149, and provide necessary context to the proposed witness testimony, *Sumlin*, 956 F.3d at 890. Thus, this evidence constitutes permissible background evidence, and is not subject to Rule 404(b)'s constraints.

Alternatively, the proposed witness testimony regarding Dixon's past acts is also admissible under Rule 404(b) to show intent and knowledge. A court's analysis of the admissibility of "other acts" evidence consists of the following three inquiries: (1) whether there is sufficient evidence that the other act in question actually occurred, (2) whether the evidence of the other act is probative of a material issue other than character, and (3) whether the probative value of the evidence is not substantially outweighed by its potential prejudicial effect. *United States v. Bartholomew*, 310 F.3d 912, 921-22 (6th Cir. 2002). As guidance in this assessment, the Sixth Circuit has described Rule 404(b) as "an inclusionary, rather than exclusionary, rule." *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004). Evidence of other crimes or wrongs may be admissible under Rule 404(b) for certain purposes, including demonstrating intent or knowledge. Fed. R. Evid. 404(b)(2). The Sixth Circuit "has repeatedly recognized that prior drug-distribution evidence is admissible under Rule 404(b) to show intent to distribute." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (internal quotations omitted). Moreover, "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent . . . ." *Id.* (quoting *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994)). Nevertheless, in order for such evidence to be sufficiently probative of a defendant's present intent, the other drug

6

distribution evidence must be "'substantially similar and reasonably near in time' to the specific intent offense at issue." *Id.* (quoting *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)); *see also United States v. Cordero*, 973 F.3d 603, 621 (6th Cir. 2020).

Defendant does not dispute that there is sufficient evidence of his alleged prior trips between Richmond and Dayton for purposes of obtaining drugs for distribution, and the United States has informed that evidence of the trips and related conduct will be provided by witnesses with firsthand knowledge, including their personal participation in the conduct. (Doc. # 122 at 2-3) (explaining that the confidential informant was driving the car and had a history of dealing with the Defendant and that evidence of drug distribution was seized from joint residence of Defendant and his Co-Defendant). Thus, the first step of the 404(b) analysis is satisfied.

Next, Defendant's prior drug distribution activities are probative of his knowledge and intent, or knowing possession and intent to distribute the methamphetamine, which are expressly identified as proper purposes under Rule 404(b)(2). Further, Count 1 of the Indictment, possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1), is a specific intent crime. *See United States v. Davis*, 547 F.3d 520, 527 (6th Cir. 2008). Moreover, Defendant's prior conduct is sufficiently probative, as it is substantially similar to the underlying offense. As noted above, Defendant's past conduct, including his trips between Richmond and Dayton to obtain methamphetamine and heroin share similarities with the underlying conduct such as use of a driver, the locations of drugs and firearms, and use of the same source of drugs. (Doc. # 126 at 4-5). Further, these past trips, which allegedly occurred between 2016 and Defendant's arrest in 2019 are sufficiently close in time for purposes of Rule 404(b). *See, e.g., United States v.*

*Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007) (finding drug distribution offense four years prior admissible); *United States v. Love*, 254 F. App'x 511, 516 (6th Cir. 2007) (finding conviction for cocaine trafficking from eight years prior probative of intent for later conspiracy to traffic cocaine charge).

Finally, the probative value of Defendant's prior drug-distribution conduct is not substantially outweighed by the potential prejudicial impact, which can be appropriately minimized with a limiting instruction. *See United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994); *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). Regardless of whether the testimony is admitted as background evidence, falling outside the scope of Rule 404(b), or as permissible Rule 404(b) evidence, a limiting instruction is warranted, given the danger of the jury giving the evidence undue weight and using such testimony as impermissible "propensity" evidence. *See United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010); *see also Churn*, 800 F.3d at 779 (applying balancing under Federal Rule of Evidence 403 to admission of background evidence); *United States v. Qualls*, 447 F. App'x 698, 701-04 (6th Cir. 2011) (finding district court did not abuse discretion in allowing evidence of prior controlled buys either as background evidence or evidence of intent under Rule 404(b) where court gave limiting instruction). Accordingly, once the proffered evidence of Defendant's past drug-distribution activity is admitted, the Court will give a limiting instruction that the jury may consider this evidence only on the issue of the Defendant's intent and knowledge to commit the crimes charged in the Indictment and that it may not be considered for any other purpose.

B.     Prior Conviction

The United States also seeks to admit evidence of Defendant's 2015 conviction for trafficking in heroin under rule 404(b) to show his intent to distribute the controlled substances as charged in the Indictment.  (Doc. # 122).  Defendant seeks to exclude the name and nature of his prior convictions as such evidence would be more prejudicial than probative under Rule 404(b).  (Doc. # 121).  In going through the three steps for 404(b) evidence, the Court first finds that there is sufficient evidence that the prior conviction occurred, with the United States having provided a copy of the state court record of the conviction from Montgomery County, Ohio.  (Doc. # 126-3).  Next, the evidence is probative of intent—a permissible basis for admission of prior acts under Rule 404(b)(2), especially given that Count 1 is a specific intent crime.  In addition, although the prior conviction was for trafficking in heroin whereas the instant charge is for possession with intent to distribute methamphetamine, "the prior act need not 'be identical in every detail' to the charged offense."  *Cordero*, 973 F.3d at 623 (quoting *United States v. Alkufi*, 636 F. App'x 323, 332 (6th Cir. 2016)); *see United States v. Morton*, 843 F. App'x 699, 703-04 (6th Cir. 2021) (finding past conviction for cocaine distribution substantially similar to current heroin distribution charge under Rule 404(b)).  In addition, the prior 2015 conviction is sufficiently close in time.  *See Ayoub*, 498 F.3d at 548 (offense four years prior sufficiently recent); *Love*, 254 F. App'x at 516 (conviction eight years prior sufficiently recent).

However, in the Court's view, the probative value of Defendant's prior trafficking conviction is substantially outweighed by the prejudicial effect given the similarities between the prior act and present offense as well as the availability of other evidence with

9

which the United States can demonstrate intent. *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008); *Haywood*, 280 F.3d at 723. The fact that Defendant's prior trafficking conviction in Montgomery County, Ohio was for essentially the same conduct and in the same location—Dayton, Ohio (located in Montgomery County)—poses a potential risk that the jury may convict Dixon for an impermissible reason.

More importantly, as discussed above, the United States intends to offer testimony of a confidential informant and Co-Defendant Thompson regarding Defendant's past instances of obtaining methamphetamine and heroin for purposes of distribution. Thus, the admission of the 2015 conviction would provide minimal additional probative value for purposes of demonstrating intent to distribute the methamphetamine in this case. *See Chalmers*, 554 F. App'x at 452-53 (finding district court abused its discretion in admitting prior conviction where ample testimony regarding intent had already been presented to the jury). Thus, the name and nature of Defendant's prior convictions is excluded.[1]

C. **Objections**

Defendant filed Objections to the United States' Notice of Intent to Offer Evidence, including Defendant's prior drug distribution activities and prior interactions with the Co-Defendant and confidential informant. (Doc. # 123). According to Defendant, this evidence should be excluded because the United States failed to provide adequate and timely notice of its intent to introduce the evidence. (*Id.*). On February 28, 2020, the United States sent a letter to defense counsel stating that "it may seek to introduce the other crimes, wrongs, or acts committed by your client which are referenced in the

---

[1] Should Defendant Dixon testify at trial, the admissibility of the name and nature of his prior convictions may be revisited due to the potential use of such convictions as impeachment evidence.

enclosed items pursuant to Rules 404(b), 608, and/or 609 of the Federal Rules of Evidence, or on the theory that they are inextricable intertwined with the charged conduct." (Doc. # 126 at 2-3). After being appointed to represent Defendant as his second court-appointed counsel, current defense counsel sent a follow-up letter to the United States on June 8, 2020 requesting more specific notice of evidence the Government intended to introduce under Rule 404(b). (Doc. # 123 at 2). That letter went unanswered until April 23, 2021, when the United States filed the instant Notice of Intent to Offer Evidence. (*Id.*).

Federal Rule of Evidence 404(b)(3) states that the prosecutor must "provide reasonable notice" of any evidence he intends to offer under Rule 404(b), "so that the defendant has a fair opportunity to meet it." This is a "generalized notice provision" that contains no specific time limit. Fed. R. Evid. 404, Advisory Committee Notes. Thus, "what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *Id.* The underlying purpose of the notice requirement is to "reduce surprise and promote early resolution on the issue of admissibility." *Id.*

As an initial matter, this notice requirement only applies to evidence sought to be admitted pursuant to Rule 404(b). Thus, to the extent the United States offers the evidence described above as background evidence outside the scope of Rule 404(b), notice is not required. Further, as the United States points out in its Response, attached to its initial February 2020 notice was a recorded interview of Co-Defendant Tiffany Thompson as well as a report summarizing information from the confidential informant. (Docs. # 126 at 3 and 126-1). Thus, Defendant was made aware of the substance of the evidence the United States now seeks to admit as early as February of 2020.

11

The Court's Pretrial Order, entered on March 2, 2020, states that notice of Rule 404(b) evidence provided by the date of the final pretrial conference would be presumed reasonable. (Doc. # 20). At that time, a pretrial conference was set for April 23, 2020 with a trial date of May 4, 2020. (*Id.*). However, after entry of that Order, new counsel took over the case on both sides and the trial date was continued to May 17, 2021. (Doc. # 126 at 4). Given that Defendant was made aware of the substance of the proposed 404(b) evidence in February of 2020, the change of counsel, the continuation of the trial date, and the fact that Defendant was provided formal notice of the proposed evidence three weeks in advance of trial, the Court finds that the United States has provided reasonable notice as required by Rule 404(b). Accordingly, Defendant's timeliness and adequacy Objections are **overruled**.

## III. STATEMENTS OF CO-DEFENDANT'S MOTHER

In his Motion in Limine, Defendant also seeks to preclude the admission of any statements from Hazel Moore, the mother of Co-Defendant Tiffany Thompson, to the effect that Dixon is a "drug dealer" or "drug trafficker." (Doc. # 121). The United States has not opposed this request. As the United States has not indicated that Hazel Moore observed Defendant engaging in drug-related conduct, there does not appear to be a basis for the admission of "past act" testimony under Rule 404(b) that would relate to the witnesses' characterization of Defendant as a "drug dealer." Further, character evidence is generally prohibited under Rule 404(a), which states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Thus, Defendant's request to exclude such statements from Hazel Moore is **granted**.

IV. **CONCLUSION**

For the reasons stated herein, **IT IS ORDERED THAT** –

(1) Defendant Dixon's First Motion in Limine (Doc. # 121) is **granted in part and denied in part** as follows:

(a) Defendant's request to exclude evidence of the name and nature of Defendant's prior convictions, including his 2015 conviction for trafficking in heroin, is **granted**;

(b) Defendant's request to exclude any evidence of prior wrongs or acts of Defendant pursuant to Rule 404(b) is **denied**, and the United States' proposed witness testimony regarding Defendant's past drug distribution activities is **admissible** both as background evidence and as evidence of intent or knowledge under Rule 404(b)(2);

(c) Defendant's request to exclude statements from Hazel Moore to the effect that Defendant is a "drug dealer" or "drug trafficker" is **granted**; and

(2) Defendant Dixon's Objections to the United States' Notice of Intent to Offer Evidence (Doc. # 123) are **overruled**.

This 13th day of May, 2021.



Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2020\20-2 Order MIL and Objections.docx